UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | Case No. 14-CR-00243-LHK |
|---|---|
| Plaintiff, | **ORDER GRANTING THE GOVERNMENT'S EX PARTE MOTION TO AMEND THE INDICTMENT** |
| v. | |
| ROBERT W. SAUNDERS, | Re: Dkt. No. 99 |
| Defendant. | |

On September 10, 2015, Defendant Robert Saunders ("Defendant") was charged in a Superseding Indictment with, among other counts, one count of intentional damage to a protected computer in violation of "18 U.S.C. §§ 1030(a)(5)(A) & (c)(2)(B)(iii)" ("Count One"). ECF No. 41. Before the Court is an ex parte motion by the United States to correct the penalty provision citation of "(c)(2)(B)(iii)" to "(c)(4)(B)(i)." ECF No. 99. Although the motion was filed ex parte, Defendant opposed the motion on February 19, 2016.[1] ECF No. 100. Having considered the

---

[1] Defendant does not oppose the instant motion on procedural grounds. However, Criminal Local Rule 47-3 requires an ex parte motion to "contain a citation to the rule or order which permits use of an ex parte motion to obtain the relief sought." Crim. L.R. 47-3. Here, the government fails to identify a "rule or order" permitting the government to file an ex parte motion. *See* ECF No. 99. Because Defendant filed an opposition to the instant motion, the Court will not strike the instant motion for failing to comply with the local rules. However, if the government had concerns about

1
Case No. 14-CR-00243-LHK
ORDER GRANTING THE GOVERNMENT'S EX PARTE MOTION TO AMEND THE INDICTMENT

1    submissions of the parties, the relevant law, and the record in this case, the Court GRANTS the

2    government's ex parte motion to amend the indictment.

3          Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment be a "plain, concise

4    and definite written statement of the essential facts constituting the offense charged." Fed. R.

5    Crim. P. 7(c)(1). Additionally, "[u]nless the defendant was misled and thereby prejudiced, neither

6    an error in a citation nor a citation's omission is a ground to dismiss the indictment or information

7    or to reverse a conviction." *Id.* 7(c)(2). Accordingly, the Ninth Circuit has held that a court may

8    correct a citation error in the indictment when the error "did not mislead [the defendant] as to the

9    charges against him" and the defendant was not "prejudiced by the incorrect citation." *United*

10   *States v. Lim*, 984 F.2d 331, 337 (9th Cir. 1993) (affirming the district court's grant of the

11   government's motion to amend a "clear typographical error" in the indictment); *see also United*

12   *States v. Neill*, 166 F.3d 943, 948 (9th Cir. 1999) (finding that a defendant was not prejudiced by

13   the amendment of the indictment when the defendant was able "to make a plea and prepare a

14   defense"). For the following reasons, the Court finds that the citation error in the instant case did

15   not mislead nor prejudice Defendant.

16         First, the penalty provision cited in the Superseding Indictment is inapplicable to

17   Defendant. Section (c)(2)(B)(iii) provides a maximum penalty of five years' imprisonment for

18   offenses "under subsection (a)(2)." *See* 18 U.S.C. § 1030(c)(2)(B)(iii). However, Defendant was

19   charged under a different section of Title 18, subsection (a)(5)(A). Although Defendant argues

20   that Defendant was "entitled to rely on the multiple citations in the Superseding Indictment to . . .

21   (c)(2)(B)(iii)," ECF No. 100 at 3, it is clear from the face of the Superseding Indictment that this

22   penalty provision can not apply to Defendant. By contrast, the corrected penalty provision,

23   Section (c)(4)(B)(i), provides a maximum penalty of ten years' imprisonment for offenses "under

24   subsection (a)(5)(A)." *See id.* § 1030(c)(4)(B)(i).

25         Second, the charging language in the Superseding Indictment tracks the language of

---

timely resolution of its motion, the government should have filed a motion to shorten time.

2

Case No. 14-CR-00243-LHK
ORDER GRANTING THE GOVERNMENT'S EX PARTE MOTION TO AMEND THE INDICTMENT

Section (c)(4)(B)(i). The Superseding Indictment alleges that Defendant's conduct "caused loss to 1 or more persons during a 1-year period affecting protected computers aggregating at least $5,000 in value." ECF No. 41 ¶ 9. This language triggers the application of Section (c)(4)(B)(i). *See* 18 U.S.C. § 1030(c)(4)(B)(i) (applying to "an offense under subsection (a)(5)(A) . . . if the offense caused . . . a harm provided in subclauses (I) through (VI) of subparagraph (A)(i)[,]" which includes "loss to 1 or more persons during any 1-year period . . . aggregating at least $5,000 in value").

By comparison, the penalty under Section (c)(2)(B)(iii) is imposed when "the value of the information obtained exceeds $5,000." *See id.* § 1030(c)(2)(B)(iii). The Superseding Indictment does not allege that the value of the information obtained exceeds $5,000.

Third, the penalty sheet filed in conjunction with the Superseding Indictment states that the maximum sentence for Count One is "10 Years." *See* ECF No. 41. This is the maximum penalty for Section (c)(4)(B)(i), not Section (c)(2)(B)(iii) (five years maximum imprisonment).

Consequently, Defendant has been on notice since the return of the Superseding Indictment on September 10, 2015, that Section (c)(2)(B)(iii) does not, and can not, apply to Count One. Additionally, Defendant has been on notice that the government does not intend to prove at trial that "the value of the information obtained exceeds $5,000," as required by Section (c)(2)(B)(iii). Rather, the Superseding Indictment states that the government will attempt to prove that Defendant's conduct "caused loss to 1 or more persons during a 1-year period affecting protected computers aggregating at least $5,000 in value," as required by Section (c)(4)(B)(i). Further, Defendant has been on notice since September 10, 2015, that the government believes the maximum penalty for Count One to be ten years' imprisonment. The Court notes that in the joint proposed verdict form submitted by the parties on February 16, 2016, Defendant agreed to use the correct penalty provision, Section (c)(4)(B)(i).[2] *See* ECF No. 91.

---

[2] Moreover, the government's proposed jury instructions, filed February 3, 2016, also reflect the correct penalty provision, Section (c)(4)(B)(i). ECF No. 80 at 3. Additionally, in the government's trial memorandum, filed February 3, 2016, the government points out the incorrect citation of Section (c)(2)(B)(iii) in the Superseding Indictment, and states that the government will

In light of these circumstances, the Court concludes that Defendant was on notice of the correct penalty provision and not prejudiced by the citation error.  *See Neill*, 166 F.3d at 948.  The Court GRANTS the government's ex parte motion to amend the indictment and ORDERS that all references to 18 U.S.C. § 1030(c)(2)(B)(iii) in the Superseding Indictment shall be stricken and replaced with 18 U.S.C. § 1030(c)(4)(B)(i).

**IT IS SO ORDERED.**

Dated:  February 22, 2016

_____
LUCY H. KOH
United States District Judge

---

use the correct penalty provision, Section (c)(4)(B)(i), at trial.  ECF No. 79 at 2 n.1.

4
Case No. 14-CR-00243-LHK
ORDER GRANTING THE GOVERNMENT'S EX PARTE MOTION TO AMEND THE INDICTMENT